# EXHIBIT B

 **202078862 - JOHNS, ZACHARY ANTHONY vs. HOME DEPOT U S A INC (Court 334)**



| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only non-confidential civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please click here to notify Customer Service.

**Purchase Order**
 ( 1 documents )

**Print List** 🖨

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click here.

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case 🛒 |
|---|---|---|---|---|---|---|---|
| 📄93636683 | Filing | Affidavit Of Service | | | 12/22/2020 | 1 | Add to Basket 🛒 |
| 📄93441693 | Filing | Plaintiff's Original Petition and Request for Disclosure | | | 12/09/2020 | 5 | Add to Basket 🛒 |
| 📄93441694 | Filing | Plaintiff's First Discovery Requests | | | 12/09/2020 | 7 | Add to Basket 🛒 |
| 📄93441695 | Filing | Request for Issuance of service | | | 12/09/2020 | 1 | Add to Basket 🛒 |

CAUSE NO. _____

| ZACHARY ANTHONY JOHNS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

Comes Now, Zachary Anthony Johns ("Plaintiff"), complaining of and against Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), and for cause of action would respectfully show to the Court the following:

### I. DISCOVERY PLAN

Plaintiff seeks monetary relief over $100,000.00 but not less than $200,000.00 and a demand for judgment for all the other relief to which Plaintiff deems himself justly entitled.

Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190.3.

### II. PARTIES

Plaintiff is a resident of Harris County, Texas.

Defendant, Home Depot, is a foreign corporation doing business in the State of Texas. This Defendant may be served with process by and through its agent for service, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company: 211 E. 7th Street, Ste. 620, Austin, Texas 78701. Service on Defendant is hereby requested at this time.

### III. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

On January 7, 2020, Plaintiff went to buy supplies at the Home Depot located at 12727 FM 1960 West, Houston, Texas 77065. Plaintiff grabbed from the shelf a packaged knife and went to the safety equipment aisle to look for a hard hat. Plaintiff placed the packaged knife on the ground while he was selecting a hard hat. Plaintiff picked up the packaged knife and the edge of the knife lacerated Plaintiff's right index finger. Plaintiff was unaware that the knife was not properly sealed/closed which caused Plaintiff to suffer bodily injuries.

### V. NEGLIGENCE OF DEFENDANT: PREMISES DEFECT

Because Plaintiff was on Defendant's premises to purchase supplies, he was an invitee at the time of the incident. As such, it owed a duty to Plaintiff to use ordinary care to keep its premises in a reasonably safe condition. The improperly sealed/packaged knife in Defendant's premises posed an unreasonable risk of harm to its business patrons such as Plaintiff. Defendant knew, or should have known, of the danger posed by the improperly sealed/packaged knife on the shelf. Defendant owed a duty to its invitees, such as Plaintiff, to exercise ordinary care to keep its premises in a reasonably safe condition. Defendant breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

a.  In failing to provide a reasonably safe and hazard-free premise for invitees;
b.  In failing to protect invitees from unsafe and hazardous conditions;
c.  In failing to inspect for unsafe and potentially hazardous conditions arising from conditions on its premises;
d.  In failing to timely remove dangerous conditions existing on its premises;
e.  In failing to warn invitees about unsafe and hazardous conditions resulting from

conditions on its premises;

    f.       In failing to have adequate policies and procedures for warning invitees of hazardous conditions;

    g.       In failing to have adequate policies and procedures to maintain and protect invitees from improperly packaged knifes in its shopping aisles;

    h.       In failing to adequately train employees how to properly maintain and protect invitees from improperly packages knifes in its shopping aisles;

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused Plaintiff's laceration and his resulting injuries and damages.

## VI. DAMAGES

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered serious bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, he has suffered physical pain, mental anguish, physical impairment, and disfigurement, and in reasonable probability, he will continue to suffer physical pain, mental anguish, physical impairment, and disfigurement into the future.

The injuries sustained by Plaintiff have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

As a direct and proximate result of the injuries, Plaintiff has a loss of wages in the past and in reasonable probability will continue to experience a loss of wages in the future. To compensate for this loss, he seeks recovery of past and future lost wages.

## VII. R<small>ESERVE THE</small> R<small>IGHT TO</small> A<small>MEND</small> & S<small>UPPLEMENT</small>

These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## VIII. R<small>EQUEST</small> F<small>OR</small> D<small>ISCLOSURE TO</small> D<small>EFENDANT</small>

Pursuant to Rule 194, Defendant is requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

## IX. P<small>RE</small>-J<small>UDGMENT</small> I<small>NTEREST</small>

Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## X. R<small>ULE</small> 193.7 N<small>OTICE</small>

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XI. P<small>RAYER</small>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified

above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

6200 Gulf Freeway, Suite 410
Houston, Texas 77023
Telephone: (713) 349-1500
Facsimile: (713) 432-7785

*/s/ Leena Joseph*
LEENA JOSEPH
State Bar No.: 24084374
ljoseph@millerweisbrod.com

**ATTORNEY FOR PLAINTIFF**

**12/9/2020 1:14:09 PM**
**Marilyn Burgess - District Clerk**
**Harris County**
**Envelope No: 48785494**
**By: HALL, BRITTANY**
**Filed: 12/9/2020 1:14:09 PM**

# Marilyn Burgess –Harris County District Clerk
## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: Plaintiff's Original Petition and Request for Disclosure; and Plaintiff's First Discovery Request to Defendants

**FILE DATE:** 12/09/020 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: Home Depot, USA, Inc,

Address of Service: 211 7th Street, Suite 620

City, State & Zip: Austin, Texas 78701

Agent (if applicable) Corporation Service Company d/a/ CSC-Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☒ Citation   ☐ Citation by Posting   ☐ Citation by Publication   ☐ Citations Rule 106 Service
- ☐ Citation Scire Facias   Newspaper_____
- ☐ Temporary Restraining Order   ☐ Precept   ☐ Notice
- ☐ Protective Order
- ☐ Secretary of State Citation ($12.00)   ☐ Capias (not an E-Issuance)   ☐ Attachment
- ☐ Certiorari   ☐ Highway Commission ($12.00)
- ☐ Commissioner of Insurance ($12.00)   ☐ Hague Convention ($16.00)   ☐ Garnishment
- ☐ Habeas Corpus   ☐ Injunction   ☐ Sequestration
- ☐ Subpoena
- ☐ Other (Please Describe)_____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
- ☐ ATTORNEY PICK-UP (phone) _____   ☐ CONSTABLE
- ☐ MAIL to attorney at:_____
- ☐ CERTIFIED MAIL by District Clerk   ☒ E-Issuance by District Clerk (No Service Copy Fees Charged)
  (Note:) CAPIAS is not an E-Issuance Option
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- ☒ OTHER , explain  please E-issue citation and email to ljoseph@millerweisbrod.com

**Issuance of Service Requested By:** Attorney/Party Name: Leena Joseph   Bar # or ID 24064374

Mailing Address: 6200 Gulf Freeway, Suite 410, Houston, Texas 77023

Phone Number: 713-349-1500

## AFFIDAVIT OF SERVICE

**State of Texas**          **County of Harris**          **334th Judicial District Court**

Case Number: 2020-78862

Plaintiff:
**ZACHARY ANTHONY JOHNS**

vs.

Defendant:
**HOME DEPOT U.S.A., INC.**

Received by STINNETT PROCESS, LLC on the 11th day of December, 2020 at 3:35 pm to be served on **Home Depot U.S.A., Inc. c/o RA: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701.**

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **15th day of December, 2020** at **2:37 pm, I:**

Delivered a true copy of the **Citation Corporate; Plaintiff's Original Petition, Request for Disclosure, and Plaintiff's First Discovery Requests to Defendant Home Depot U.S.A., Inc.** with the date of service endorsed thereon by me, to **Home Depot U.S.A., Inc. c/o RA: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company,** by delivering to its designated agent, **Samantha Guerra**, at the address of **211 East 7th Street, Ste. 620, Austin, TX 78701, Travis County,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

State of _Texas_ County of _Travis_

Subscribed and Sworn to before me on the _16th_ day of _December_, _2020_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

_____
**Barbara C. Stinnett**
PSC-1181; Exp: 07/31/2022

**STINNETT PROCESS, LLC**
**15511 HWY 71 WEST**
**STE. 110-143**
**BEE CAVE, TX 78738**
**(512) 797-3399**

Our Job Serial Number: SNN-2020002134
Ref: 2020.12.521610

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1u

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 2020-Cl-14099

| ZACHARY ANTHONY JOHNS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 334TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANT HOME DEPOT U.SA., INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein) in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

## II.
## AFFIRMATIVE DEFENSES

2.      By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3.      Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

4.      Defendant asserts the doctrine of comparative causation, which may bar any recovery by

Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

5.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

6.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

7.      Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

8.      Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

9.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

10.     To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by

or on behalf of Plaintiff.

11.     To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

12.     Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

13.     Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

14.     Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

15.     The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding

and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

16.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

17.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

### III.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By:     /s/ *Amy Welborn*
          **TROY D. HELLING**
          State Bar No. 24007340
          thelling@hpylaw.com
          **AMY WELBORN**
          State Bar No. 24012853
          awelborn@hpylaw.com

          4514 Cole Ave., Suite 500
          Dallas, TX  75205
          (214) 780-5100
          (214) 780-5200 (Fax)

2705 Bee Caves Road, Suite 220
Austin, Texas 78746
(512) 687-6900
(512) 687-6990 (Fax)

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 7th day of January, 2021.

Leena Joseph
ljoseph@millerweisbrod.com
Law Offices of Domingo Garcia, L.L.P.
6200 Gulf Freeway, Suite 410
Houston, Texas 77023